# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRANDON COLE BICKLE )
) No. 18-211
v.

COMMISSIONER OF SOCIAL
SECURITY

## OPINION AND ORDER

### SYNOPSIS

On October 28, 2016, Plaintiff filed an application for supplemental security income benefits, alleging mental and physical impairments, including autism. His application was denied initially, and by an Administrative Law Judge ("ALJ"), without a hearing. At the time of his initial application, Plaintiff was under 18; he turned 18 on November 24, 2016. The Appeals Council denied Plaintiff's request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be granted and Defendant's denied.

### OPINION

**I.      STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

1

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II.     THE PARTIES' MOTIONS

Plaintiff contends that the ALJ erred in finding that he knowingly and voluntarily waived his right to a hearing. Relatedly, he contends that the ALJ failed to apply the correct heightened duty of care.

2

On January 30, 2017, Plaintiff signed a form HA-4608, entitled "Waiver of Your Right to Personal Appearance Before an Administrative Law Judge." Transcript ("Tr.") 64. On the form, Plaintiff responded to the prompt "The reason I do not want to appear in person at a hearing is:" by writing, "My mother and father can explain my deficits and limitations better than I can."[1] A printed summary of the successfully submitted disability appeal, dated January 30, 2017 indicates that Plaintiff did not have a representative, and contains a section entitled "Request for Hearing by Administrative Law Judge." In that section, it states "Does Brandon Bickle wish to appear at a hearing?" The response thereto states, "Brandon Bickle does not wish to appear at a hearing and requests that a decision be made based on the evidence in his case."

A "Request for Hearing by Administrative Law Judge Summary" dated January 31, 2017, 10:39 AM, states, "On January 30, 2017, you…provided the following information to support BRANDON COLE BICKLE's request for a hearing before an Administrative Law Judge. We have stored your request for a hearing…in our records." Tr. 67. The document also contains the following statements: "He wishes to appear at the hearing. I have additional evidence to submit. I will submit this evidence by March 2, 2017." A letter dated February 10, 2017, from Defendant's Hearing Office Director and addressed to Plaintiff, thanks Plaintiff for requesting a hearing before an ALJ, and explains the hearing process. Tr. 69.

A subsequent letter, dated June 13, 2017 from the ALJ and addressed to Plaintiff, apprises Plaintiff that he has asked the ALJ to decide his case on the evidence, and has waived his right to an oral hearing ("June 13 letter"). Tr. 92. The letter stated, "You have submitted a written wavier [sic] of your right to appear at a hearing." Plaintiff's mother wrote a letter, dated June 24, 2017, stating: "[A]s Brandon's mother, I am advocating for his right to receive social

---

[1] The standard form makes no explicit reference to waiver of a hearing en toto; it refers merely to "personal appearance" before an ALJ.

3

security benefits due to his limitations and deficits….." Tr. 184.  On July 25, 2017, Defendant sent a letter enclosing a CD with Plaintiff's electronic file, and advised as follows: "[W]e will review your case to determine if we can make a fully favorable decision without holding a hearing. If we cannot make a decision on the record, we will notify you when your hearing is scheduled."  Tr. 186.  On July 28, 2017, Plaintiff's mother indicated that she had no additional medical records to submit, as his doctors said that they submitted paperwork "directly to your office."  Tr. 202. She asks that Defendant "consider making a favorable decision…based on the information you have."  In issuing his November 20, 2017 decision, the ALJ stated as follows: "A timely written request for hearing was filed on January 30, 2017. …The right to appear personally and testify at a hearing was knowingly and voluntarily waived."

      A social security claimant has a statutory right to receive meaningful notice and an opportunity to be heard before her claim for social security benefits can be denied. Isaac v. Astrue, No. 08-1661, 2009 U.S. Dist. LEXIS 44914, at *32 (W.D. Pa. May 28, 2009).  As one court has noted, "technical compliance with SSR 79-19 will not constitute a valid waiver [of a hearing] if the surrounding circumstances suggest another interpretation of the facts…" Francisco v. Barnhart, 2003 U.S. Dist. LEXIS 2679, at *7, *12 (S.D.N.Y. Feb. 21, 2003).  "In the case of an unrepresented claimant, the ALJ has a heightened duty to "'assume a more active role'" in the administrative proceedings… Indeed, the ALJ owes an unrepresented claimant a duty to develop the record, which requires that the ALJ "'scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'"  Isaac, 2009 U.S. Dist. LEXIS 44914, at *32 (citations omitted).   The heightened standard applies even when there has been no hearing. Id. at *39.

In this case, within one day, the record reflects that the unrepresented Plaintiff indicated both a desire not to personally appear at a hearing (because, he stated, his parents could better explain his deficits), and also a desire to request a hearing. Following the date of a letter advising that a hearing had been waived, Plaintiff's mother responded that she was advocating for him. While his mother may have "advocated" for him, Plaintiff was – as acknowledged in the record – unrepresented. Further, the ALJ found severe impairments of autism, central auditory processing disorder, and receptive language dysfunction. The report of Dr. Berge, who assessed Plaintiff in 2015 for vocational rehabilitation purposes, found a full-scale IQ of 76.[2] All of these factors might call into question the quality of Plaintiff's understanding of his potentially conflicting responses regarding a request for hearing, as well as the possibility that Defendant's July 25, 2017 communication could have been understood as suggesting that if it could not render a "fully favorable decision," a hearing would be scheduled. Given the surrounding and rather atypical circumstances, I cannot affirm the ALJ's conclusion that Plaintiff knowingly and voluntarily waived his right to a hearing.

However, "[e]ven invalid waivers warrant remand only if the plaintiff suffered prejudice." Francisco, 2003 U.S. Dist. LEXIS 2679, at *12. There is no question that the ALJ thoroughly and competently considered the record before him. The question, however, is the effect of the lack of hearing in a situation in which it appears that Plaintiff may have desired that a hearing be held. In this case, the record indicates that Plaintiff may have been prejudiced by the lack of a hearing. Even if Plaintiff himself indicated that he did not wish to testify at a hearing, the record suggests that he wished for his mother (and perhaps his father) to offer testimony or otherwise speak on Plaintiff's behalf at a hearing. Under all of the specific circumstances present

---

[2] This IQ reflects borderline intellectual functioning. The ALJ gave great weight to Dr. Berge's reported test results.

in this case, the lack of such evidence represents a gap in the record, such that I am unable to conclude that Plaintiff suffered no prejudice. Indeed, courts have determined that "losing the opportunity to convince the ALJ that [a claimant's] mental and physical impairments prohibit [him] from engaging in any gainful occupation" results in prejudice. <u>Francisco</u>, 2003 U.S. Dist. LEXIS 2679, at *12. Under the circumstances, remand is warranted.

## CONCLUSION

For the foregoing reasons, this matter will be remanded for further proceedings consistent with the foregoing Opinion. An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: October 10, 2019

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRANDON COLE BICKLE )
                                       ) No. 18-211
    v.

COMMISSIONER OF SOCIAL
SECURITY

**ORDER**

AND NOW, this 10th day of October, 2019, this matter is hereby remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

_/s/ Donetta W. Ambrose_
_____
Donetta W. Ambrose
Senior Judge, U.S. District Court